JONES, EXR., ET AL., APPELLEES, *v.*
JONES ET AL., APPELLEES; DOLLAR
SAVINGS BANK OF
COLUMBUS, APPELLANT.

(No. 87AP-01—Decided May 7, 1987.)

*Mann & Gibbs* and *Daniel Mann,* for plaintiff-appellee Steven Jones, Executor of the Estate of Nell Dickerson.

*David L. Duren,* for plaintiff-appellee Administrator of the Estate of Nell Dickerson.

*Chorpenning, Good & Mancuso Co., L.P.A.,* and *Gary J. Pandora,* for defendant-appellee James Dickerson.

*Roy F. Boyd,* for defendant-appellee Arliss Mortgage Co.

*Teaford, Rich, Belskis, Coffman & Wheeler* and *James W. Wheeler,* for defendant-appellant Dollar Savings Bank of Columbus.

BOWMAN, J. On November 15, 1973, Nell Dickerson, the deceased, and her husband, James Dickerson, executed a mortgage note to Dollar Savings Bank of Columbus ("Dollar") in the amount of $27,000. The note had an interest rate of nine percent. The Dickersons made monthly payments from January 1974 until November 1984 when they defaulted. In February 1986, Dollar began a foreclosure action on the property. At that time, the unpaid principal balance of the note was $24,955.75, and unpaid interest had accrued since the default.

Nell Dickerson died testate on January 6, 1983. On March 5, 1985, a complaint to sell real estate was filed because there were no assets to pay the debts of the estate. On May 23, 1986, the probate court ordered the sale of the property; the proceeds therefrom were $42,260.10.

The property was encumbered by a first mortgage to Dollar and by a second mortgage in the amount of $42,720 to Arliss Mortgage Company. On August 14, 1986, the probate court referee issued a report determining the manner in which the proceeds from the sale were to be distributed. The referee determined that Dollar was to receive $24,055.75, the principal under its note, plus advances of any real estate taxes, hazards, and other costs in securing the property. The accumulated interest was deemed to be an unsecured debt. The Arliss Mortgage Company was to receive the principal sum of $11,291.13 plus twenty-òne percent interest per annum from March 18, 1985.

The Franklin County Probate Court approved the report of the referee finding that appellant's mortgage secured only the amount of the unpaid principal of the debt and did not secure any part of the unpaid interest which had accrued since default. In addition, the court found that appellant's mortgage did not create a lien on the property for any interest due on the note. Appellant now brings this appeal and sets forth one assignment of error:

"The Probate Court erred in holding that the mortgage of the appellant did not secure the interest that was payable on the principal amount of

74

the loan under the mortgage and the mortgage note."

The Dollar mortgage was an open-end mortgage which complied with R.C. 5301.232. An open-end mortgage is one which secures unpaid balances of loan advances made after the mortgage is delivered for record, to the extent that the total unpaid loan indebtedness, exclusive of interest, does not exceed the maximum amount of loan indebtedness stated on the mortgage. R.C. 5301.232(A). A mortgage which complies with R.C. 5301.232 is a lien on the premises described therein from the time the mortgage is delivered for record for the full amount of the unpaid balances of such advances that are made under the mortgage, plus interest thereon, regardless of the time when the advances are made. R.C. 5301.232(B).

When a mortgagee agrees to make future advances upon the security of the mortgage, the mortgagee is entitled to interest only upon the sum actually advanced. See *Witner* v. *Goodman* (C.P. 1931), 28 Ohio N.P. (N.S.) 537, 541. Although the Dickersons' mortgage with Dollar was an open-end mortgage, no future advances were made to them after the initial mortgage for $27,000. Therefore, Dollar is entitled to the interest which accrued on the sum it actually advanced. See *Witner, supra.*

The debt in appellant's mortgage refers to an indebtedness evidenced by a note or promissory note and consists of principal and interest payable to Dollar. The covenant in appellant's mortgage requires payment of the note as the condition of the defeasance of the mortgage. Under this language, the interest payable on the principal amount of the loan was part of the debt secured by the mortgage.

The probate court erred in ruling that Dollar's mortgage did not create a lien on the property for any interest due on the note. A mortgage given to secure the payment of a debt also secures the payment of interest which accrues on the debt. *Mattocks* v. *Humphrey's Admr.* (1848), 17 Ohio 336. Thus, a lien on property includes a lien on both the principal and the interest.

In addition, pursuant to App. R. 18(C), if an appellee fails to file his brief in the allotted time, this court may accept the appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action. Since none of the appellees herein filed briefs we accept appellant's statement of the facts and issues and hereby reverse the judgment of the probate court for the reasons set forth in this decision as well as for the reasons set forth in appellant's brief.

*Judgment reversed.*

STRAUSBAUGH, P.J., and BROGAN, J., concur.

BROGAN, J., of the Second Appellate District, sitting by assignment in the Tenth Appellate District.